403 So.2d 1227 (1981)
STATE of Louisiana
v.
Michael JEFFCOAT.
No. 81-K-0811.
Supreme Court of Louisiana.
September 8, 1981.
*1228 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Clifford R. Strider, III, Louise Korns, Asst. Dist. Attys., for plaintiff-relator.
James C. Lawrence, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
DENNIS, Justice.[*]
This is a review of a trial court order suppressing evidence seized by police officers under a search warrant. We granted the state's application for a writ and now reverse the trial court's ruling. The issue presented is whether the warrant was based on probable cause for its issuance established by facts presented to the magistrate by a search warrant application which, in pertinent part, provided:
"On December 1, 1980 Officer Spears reports recieveing [sic] information from Mr. Kenneth Johansen. Mr. Johansen advised Officer Spears that he was the victim of a residence burglary on November 20, 1980. Mr. Johansen stated that the listed property was taken from his residence without his permission.
"Mr. Johansen further stated that he was told by a subject that his property was located in the residence of Mike Jeffcoat W/M about 25 yrs. The informer further stated that he had seen some property in the residence and had been told by Jeffcoat that the property was stolen. The informer stated that when he heard of Mr. Johansen's burglary he thought property might be his. Mr. Johansen stated that after talking to the informer he called the police again.
"Upon Officer Spears' arrival, he met with Mr. Johansen and received the information above. Spears at this time proceeded to the location of the informer. At that location Spears met with a subject and learned the following information:
"On November 23 the informer and Mike Jeffcoat were in Jeffcoat's residence 13039 River Road, N.O.La. smoking marijuana. The informer stated that he mentioned to Jeffcoat that he liked the T.V. he, Jeffcoat, had in the house. At this time Jeffcoat advised him that the T.V. was hot and that he had other hot stuff in the house. The informer stated that Jeffcoat showed him a stereo set, Sony with speakers. Jeffcoat then went into the bedroom of the house and returned to the living room with two "old time pistols" cap and ball type. Jeffcoat stated that the pistols were taken in a burglary in Plaquemines Parish. The informer stated that he observed a "rug" on the wall behind the sofa. The informer stated that he noticed the "rug" because it had some deer drinking from a stream, *1229 and trees on it. The informer advised Spears that Jeffcoat had a lot of good property and could not understand how he got it because he, Jeffcoat does not work. After talking to the informer Spears returned to Mr. Johansen's residence.
"At the Johansen residence Spears spoke to Mr. Johansen about a more detailed description of the property stolen. Mr. Johansen provided Spears with a complete list of the stolen property. This list included a large Canadian Tapestry with a wooded background and deer drinking from a stream. The list also included a Sony Stereo set with 2 speakers. Mr. Johansen stated that he was not missing a T.V. set or pistols.
"Spears at this time proceeded to the Fourth District station where a check was made via N.C.I.C. and learned that Mike Jeffcoat had been arrest [sic] in N.O. for 1 misd. no conviction, and in J.P. for 4 city charges, 2 feleny [sic] and 17 misd., unknown if any convictions.
"Spears at this time contacted the Plaquemines Parish Sheriffs' Office. It was learned from Officer Verdi that a residence in the Parish was broken into and a T.V. set and 2 ball and cap pistols were taken. Complete list of property stolen also attached."
The facts necessary to show probable cause may be established by hearsay evidence. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); State v. Paciera, 290 So.2d 681 (La.1974). The Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), laid down the test by which information given the affiant by an unidentified informant could be considered by the magistrate in determining if there was probable cause upon which a search warrant should issue. "[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were there where he claimed they were and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed ... was `credible' or his information `reliable.'" 378 U.S. at 114-15, 84 S.Ct. at 1514, 12 L.Ed.2d at 729.
A careful analysis of Aguilar reveals that its two-part test is designed to perform different functions. The first part is designed to insure that the informant obtained his information by personal observation, or in some other dependable manner rather than through mere rumor. This "basis of knowledge" test is a corollary of the Fourth Amendment's requirement that the magistrate, and not the police officer-affiant or his informant, shall weigh the facts and decide whether they establish probable cause. See Spinelli v. United States, infra, 393 U.S. at 424, 89 S.Ct. at 584, 21 L.Ed.2d at 648 (White, J., concurring); State v. Cann, 392 So.2d 381, 384 (La.) (concurring opinion); Moylan, Hearsay and Probable Cause: An Aguilar and Spinelli Primer, 25 Mercer L.Rev. 741, 751-52 (1974).
The second prong of Aguilar's two-prong test is aimed at determining the veracity of the source of the hearsay information. Aguilar held that this test could be satisfied in either of two ways: (1) the affidavit may recite facts from which the magistrate could conclude that the informant is credible, or (2) it may recite facts from which the magistrate could conclude that the informant's information is credible. The "veracity prong" of Aguilar's two-part test is designed to perform the same function that the oath and the magistrate's direct observation serve in evaluating the truthfulness of the affiant. As the oath serves as a hedge against issuing an affidavit based on false allegations, so too does the requirement that there be included in the affidavit facts which indicate a reason for believing in the veracity of the source of the information. Where the internal recitation about the informant or about the circumstances under which the information was furnished fail to establish that the informant was "credible" or that his information was otherwise "reliable," then the independent observations made by the officers-affiants themselves might be looked to by way of verification. See Spinelli v. United *1230 States, supra 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637; State v. Paciera, supra; State v. Cann, supra; Moylan, supra, at 750-51.
The affidavit in this case is sufficient as measured by each prong of the Aguilar test.
It passes the "basis of knowledge" test because the magistrate was informed of the underlying circumstances from which the informant concluded that property stolen from Johansen's house was located in defendant Jeffcoat's residence at 13039 River Road. The informant claimed to have seen the property which fit the description of some of the items stolen while visiting the Jeffcoat residence. This provided an adequate basis to assure that the informant, if credible, obtained his information by personal observation, and not through mere rumor.
The affidavit also passes the "veracity" test because the affidavit recited circumstances under which the information was furnished, including partial verification of the informant's story by the officer-affiant's independent investigation, from which the magistrate reasonably could conclude that the informant was credible or that his information was reliable. The informant described the articles he had seen in the Jeffcoat residence, some of which were unusual, such as the deer-scene rug and the cap-and-ball type pistols. The affiant officer's independent investigation verified that the informant's description of the articles fit that of property recently taken in burglaries of the Johansen house and a Plaquemines Parish residence. The informant stated that Jeffcoat informed him the property had been stolen and that the pistols were taken in a Plaquemines Parish burglary. This admission by Jeffcoat appeared plausible because it was unlikely the informant would furnish information regarding a crime in which he was involved and unlikely that he would have any source of knowledge, other than Jeffcoat, that the items were stolen. Altogether these facts included in the affidavit provided a reason for believing in the veracity of the source of information.
The ruling of the trial court granting the motion to suppress is reversed and the case is remanded for further proceedings.
SUPPRESSION OF EVIDENCE REVERSED.
NOTES
[*] Judges Frederick S. Ellis, Morris A. Lottinger, Jr. and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Watson and Lemmon.