PER CURIAM.
Defendant was charged by bill of information with possession of marijuana with the intent to distribute in violation of La. R.S. 40:967. The prosecution involved some six pounds of marijuana seized by the authorities in Franklin Parish under a warrant executed for defendant’s home and Chevrolet truck on March 25, 1981. On December 7, 1981, after the trial court denied his motion to suppress the evidence, *261 defendant entered a plea of guilty as charged, reserving his right to appeal the court’s adverse ruling on the suppression issue. See, State v. Crosby, 338 So.2d 584 (La.1976). On March 10, 1982, the court then sentenced defendant to five (5) years’ imprisonment at hard labor. It suspended that sentence, placed defendant on probation for five years, and ordered him to pay a 500 dollar fine. Defendant has now appealed his conviction and sentence to this Court, urging that the warrant application in this case “... failed to meet the two-pronged Aguilar-Spinelli test....” We agree and now reverse the ruling of the trial court.
The warrant in this case authorized a search of the trailer home “... occupied by a Mexican male known as Pete .... ” located off Louisiana Highway 4 outside Franklin, a Chevrolet pick-up truck “blue in color ... with a picture of an armadillo on the back window .... ” parked by the trailer, and “... any and all persons present at warrant execution to insure officer safety.” According to the affidavit executed by Deputy Sheriff Larry Crum on the night of March 24, 1981, a confidential informant had contacted him “within the past 48 hours” regarding “Pete’s” trailer off Highway 4. This informant had volunteered his services to Crum some two years before "... to assist in the curtailment of illegal drug activity .... ” and over the previous 24 months “... provided information ... which has led to at least 6 drug arrest[s] and 6 convictions.” As set forth in the affidavit, Crum’s informant told him that:
... there was a quantity of marijuana located at the residence described above . .. part of the drug may be stored in a blue dual wheel chevy pick-up belonging to Pete.
Crum then added the following observations of his own:
This residence and vehicle is personally known to your affiant and is located in Franklin Parish. Your affiant further states that possession of marijuana is illegal and contrary to La. Statutes and that the preservation of said articles describe above in this search warrant is necessary to preserve these said statutes. It is now approaching the hour of darkness and your affidant request[s] to the able to search after darkness....
At the hearing on the motion to suppress, counsel stipulated that the bulk of the marijuana seized, from four to six pounds, had come from the Chevrolet pick-up truck. The officers had also recovered a much smaller amount, approximately two ounces, from defendant’s pockets at the time they executed the warrant. Counsel argued below, and contends now on appeal, that Crum’s affidavit failed to establish probable cause for the search of the trailer or the Chevrolet truck because it offered no basis for concluding that the informant was credible and his information reliable.
In State v. Jeffcoat, 403 So.2d 1227, 1229-30 (La.1981), this Court observed that:
The facts necessary to show probable cause may be established by hearsay evidence. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); State v. Paciera, 290 So.2d 681 (La.1974). The Supreme Court in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), laid down the test by which information given the affiant by an unidentified informant could be considered by the magistrate in determining if there was probable cause upon which a search warrant should issue. “[T]he magistrate must be informed of some of the underlying circumstances from which the informant concluded that the narcotics were there where he claimed they were and some of the underlying circumstances from which the officer concluded that the informant, whose identity need not be disclosed ... was ‘credible’ or his information ‘reliable.’ ” 378 U.S. at 114-115, 84 S.Ct. at 1514, 12 L.Ed.2d at 729.
In this case, we are satisfied that the allegation Crum’s informant had provided tips in the past leading to the arrest and conviction of drug traffickers adequately established his credibility as a source of information. State v. Feeback, 414 So.2d 1229 (La.1982); State v. Wichers, 392 So.2d *262 419 (La.1981); State v. Turnipseed, 362 So.2d 486 (La.1978). We agree with counsel, however, that the affidavit fails to indicate how the informant came by his information, whether from personal knowledge or the reliable reports of others. The additional observation in the affidavit that part of the marijuana may be stored in the Chevrolet truck suggests that the informant was not speaking from personal observation but simply relaying information provided by other unnamed sources of undetermined reliability. In some cases, independent observations made by police officers may bolster an otherwise inadequate tip under Aguilar and provide probable cause for a warrant. State v. Jeffcoat, supra. In this case, however, with night approaching, Crum went to the magistrate and not the trailer. Although he knew the area, the officer had therefore observed nothing of a suspicious nature on the premises that might have independently confirmed the informant’s tip. Compare, State v. Tate, 407 So.2d 1133 (La.1981).
The affidavit in this case therefore failed to establish probable cause for the search of defendant’s trailer home and Chevrolet truck, or his person, State v. Jeffcoat, supra. Accordingly, we reverse the ruling of the trial court, vacate defendant’s plea of guilty, and remand the case for further proceedings not inconsistent with this opinion.
PLEA VACATED AND CASE REMANDED.
LEMMON, J., dissents with reasons.
WATSON, J., dissents for reasons expressed by LEMMON, J.