LOTTINGER, Judge.
Clarence Davis was charged by bill of information with armed robbery in violation of La.R.S. 14:64. Defendant pled not guilty and filed a motion to suppress physical evidence seized as the result of execution of a search warrant. The motion to suppress was denied after a hearing. After a trial by jury, defendant was found guilty as charged. The trial court sentenced defendant to imprisonment in the custody of the Louisiana Department of Corrections for a term of forty-five years, without benefit of probation, parole or suspension of sentence.
Defendant brings this, appeal urging three assignments of error:
1. The trial court erred in denying defendant’s motion to suppress evidentiary items taken from defendant’s residence through a defective search warrant.
2. The trial court erred in denying defendant’s motion for a mistrial when the prosecutor alluded, in his closing argument, to matters outside of the record.
3.The trial court erred in not granting a new trial when the verdict was contrary to the law and evidence.
Assignments of error nos. 2 and 3 were not briefed and are thereby considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4.
FACTS
On January 25, 1983, a lone gunman, armed with a pistol, robbed the Brusly Branch of the Bank of West Baton Rouge. Bank employees who observed the robber noted that he was a black male, wearing a light colored skull cap and had long, black, curly, shoulder-length hair. The teller who was robbed stated that the robber removed a black colored automatic weapon from inside his vest. He was observed driving away in a tan colored, small-sized foreign automobile.
Police investigation of the incident was still in progress when Joseph Murray was arrested in early April of 1983, by authorities of East Baton Rouge Parish for an unrelated crime. Through contacts with East Baton Rouge law enforcement officers, Deputy Lloyd Talbot of the West Baton Rouge Parish Sheriff’s Office, learned that Joseph Murray might have some information involving the perpetrator of the Brusly bank robbery. During the second meeting between Deputy Talbot and Joseph Murray, details of the Brusly bank robbery were provided by Murray. Deputy Talbot testified at trial on the merits that Murray told him that Clarence Davis, defendant herein, had told Murray that he had committed the Brusly bank robbery. Details of the robbery including route of travel, type of gun used, clothing and wig worn as a disguise, were also alleged by Murray to have been told to him by defendant. Deputy Talbot also testified that Murray noted that he had observed the cap, vest, wig and gun used by defendant while *1258 visiting defendant’s apartment at 2223 Beech Street in Baton Rouge and, noted that defendant shared that residence with a black woman named “Adrian.” ' Deputy Talbot was able to verify that utilities at that residence were in the name of Adrian Davis and that registration of a 1971 T-Bird automobile he observed parked in the garage at that address belonged to Clarence Davis.
Pursuant to the information provided by Joseph Murray and corroboration procured by Deputy Talbot, an application for search warrant was prepared with Deputy Talbot and a Baton Rouge police officer serving as affiants. In that application, Joseph Murray was identified as a “cooperating individual”. A search warrant authorizing search of the 2223 Beech Street apartment and a Ford automobile registered to Clarence Davis for evidence tending to prove armed robbery was authorized on April 7, 1983. The warrant was executed on the day of issuance and relevant items recovered included: a beige and brown vest, a brown wig, eleven ski caps, an OMC .380 automatic pistol, and a drawstring bag containing a makeup kit. Following this search, defendant was arrested and charged with the instant offense.
ASSIGNMENT OF ERROR NO. 1
By means of this assignment, defendant maintains that the trial court erred when it denied defense motion to suppress physical evidence seized during execution of the search warrant. In particular, defendant urges that the affidavit contained hearsay statements which fail to sustain the reliability of the informant or of the information itself.
According to the affidavit:
On 1/25/83 the Bank of West Baton Rouge, Brusly branch, was robbed by a B/M wearing a light color knit cap, a brown or beige vest, carrying a blue-steel semi-automatic pistol, and believed to be wearing a black shoulder-length wig. On 4/6/83 affiants were told by a cooperating individual (C.I.) that Clarence Davis, who lived at [garage apartment located at the fear of 2223 Beech St.,] had told him, in detail, about having committed this robbery. C.I. further stated that he had been in this residence at 2223 Beech on several occasions, most recently on 4/4/83, and, at various times, had seen in the residence all items listed above [a blue steel semi-automatic pistol; a black shoulder length wig; a light-colored knit cap; a brown or beige vest]. Affiants have independently verified several details of the C.I.’s account, including the description of the car owned by Davis. Affiants were told by C.I. that Clarence Davis is living with a B/F named ‘Adrian’ at the above described location. Affiants contacted Gulf States Utilities and were told that electrical service to ‘garage apartment at 2223 Beech St.’ is listed to an Adrian Davis.
Affiants have established surveillance on this residence and the listed vehicle, which was described by C.I., is presently at the residence. The vehicle is registered to Clarence Davis.
Defendant relies heavily on Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) as the basis for his claim that the instant affidavit was insufficient to provide the issuing magistrate with the information needed to establish the reliability of the informant or his information. Aguilar, supra, and a closely related case, Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) required that an affidavit based on hearsay meet a two-pronged test.
However, in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court discarded the two-prong test and adopted the “totality of circumstances” test.
In examining the totality of circumstances, we note that the affidavit clearly sets forth the basis of knowledge. The issuing magistrate was informed of the underlying circumstances from which the informant concluded that defendant had committed the instant robbery. The informant, later identified by the state as Joseph Murray, claimed to have been told by defendant that he had committed the instant robbery *1259 and to have himself viewed in defendant’s residence the weapon, clothing, and wig alleged to have been used by defendant in perpetrating the offense. This provided an adequate basis to assure that the informant, if he is inherently credible or if there is reason to believe in his information on this occasion, obtained the information by personal observation and not through mere rumor. See State v. Jeffcoat, 403 So.2d 1227 (La.1981).
The affidavit, however, does not provide any basis for a belief in the inherent credibility of the informant. The affiant did not disclose any track record from which the magistrate could conclude that the unidentified informant was credible. In fact, information outside the affidavit reveals that Murray is a criminal without inherent credibility.
Nevertheless, Murray’s statements to the police appear reliable on this particular occasion despite his lack of inherent credibility. Murray’s tip focused on a specific individual and included his address, and a description of items known by police to have been used by the robber of the Brusly bank. In reasons for judgment denying the motion to suppress, the trial judge noted that “the items that were described to the deputies by the informant were items that on the face of the warrant, indicate were used in the armed robbery of the Bank of West Baton Rouge, Brusly Branch”.
In State v. Paciera, 290 So.2d 681 (La.1974), the Louisiana Supreme Court noted that specific independent corroboration of the accuracy of a report by an unidentified informant supports the credibility and reliability of the unidentified informant. In the instant case, the affidavit reveals that the affiants corroborated defendant’s residence address as provided by the informant. However, more significantly, the informant provided facts which were corroborated by reference back to the report of criminal conduct which occurred on a prior occasion, i.e., the Brusly bank robbery. When an investigation “makes it appear that the informer has provided facts which could not have been invented or which would not even have been perceived as incriminating except for the report of the earlier crime, then the chance that the informant has lied has been significantly reduced.” See, W.R. LaFave, Search and Seizure, A treatise on the Fourth Amendment, Vol. 1, Ch. 3, § 3.3 (1978) at p. 558.
Considering all of the relevant circumstances, we conclude that the issuing magistrate had a reasonable basis for finding the informant’s information reliable on this particular occasion, for finding an adequate basis to assure that the informant obtained his information by personal observation, and ultimately for determining that there was probable cause to issue the search warrant. Accordingly, the trial court’s ruling denying the motion to suppress was correct. This assignment of error is without merit.
Therefore, for the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.