# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2021 KA 0492

## STATE OF LOUISIANA

## VERSUS

## LIONEL CAIRE

Judgment Rendered: **DEC 2 2 2021**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
No. 34,220

Honorable Cody Martin, Judge Presiding[1]

* * * * * * *

Ricky L. Babin
District Attorney
Donaldsonville, Louisiana
Donald D. Candell
Lindsey Manda
Phil Maples
Assistant District Attorneys
Gonzales, Louisiana

Attorneys for Appellee,
State of Louisiana

Prentice L. White
Baton Rouge, Louisiana

Attorney for Defendant/Appellant,
Lionel Caire

* * * * * * *

**BEFORE: WHIPPLE, CJ., PENZATO, AND HESTER, JJ.**

---

[1] The Honorable Cody M. Martin is the successor judge to the Honorable Thomas J. Kliebert, Jr., who presided over this matter.

**PENZATO, J.**

The defendant, Lionel Caire, was charged by bill of information with simple escape, a violation of La. R.S. 14:110(A)(1), and initially pled not guilty.[2] Thereafter, the defendant withdrew his former not guilty plea and pled guilty as charged. The State filed a habitual offender bill of information, alleging that the defendant is a fourth or subsequent felony habitual offender under La. R.S. 15:529.1, and the defendant denied the allegations therein.[3] After a hearing, the trial court adjudicated the defendant a fourth or subsequent felony habitual offender and ordered a presentence investigation. The trial court later sentenced the defendant to ten years imprisonment at hard labor without the benefit of probation or suspension of sentence.[4] Stating that he could not find any non-frivolous issues to raise or rulings to challenge on appeal, the appellate counsel filed a brief raising no assignments of error[5] and a motion to withdraw as counsel of record. For the following reasons, we affirm the conviction and sentence and grant the appellate counsel's motion to withdraw.

## STATEMENT OF FACTS

Since the defendant pled guilty to the instant offense, the facts were not fully developed in this case. In accordance with the bill of information and the factual basis presented at the Boykin[6] hearing, the offense took place on or about May 21, 2015, at the Ascension Parish Jail. As further provided, the defendant and Brian

---

[2] The original bill of information names Brian Cavalier as a codefendant. The bill of information was later amended to remove the codefendant's name.

[3] The prior alleged convictions consist of two counts of armed robbery, false imprisonment, and theft; four counts of theft of a firearm; and one count of simple burglary.

[4] The defendant was ordered to pay a $150.00 presentence investigation fee and a $45.00 Judicial District Indigent Defender fee. The trial court ordered that the sentence be served consecutive to another sentence imposed in a separate case.

[5] The sole issue presented is whether the record reveals any errors patent such that the defendant's conviction or sentence should be reversed.

[6] Boykin v. Alabama, 395 U.S. 238, 243-44, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

Cavalier jumped over an exterior fence and escaped lawful confinement and custody of a law enforcement officer. Human life was not endangered in the commission of the offense.

## *ANDERS* BRIEF

The appellate counsel for the defendant has filed a brief containing no assignments of error and requests this court grant his motion to withdraw as counsel of record. In his brief and motion to withdraw, referencing the procedures outlined in *State v. Jyles*, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), the appellate counsel indicated that after a conscientious and thorough review of the record, he could find no non-frivolous issues to raise on appeal and could find no ruling of the trial court that arguably supports the appeal.

The procedure in *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), used in Louisiana, was discussed in *State v. Benjamin*, 573 So.2d 528, 529-31 (La. App. 4th Cir. 1990), sanctioned by the Louisiana Supreme Court in *State v. Mouton*, 95-0981 (La. 4/28/95), 653 So.2d 1176, 1177 (per curiam), and expanded by the Louisiana Supreme Court in *Jyles*, 704 So.2d at 242. Specifically, according to *Anders*, 386 U.S. at 744, 87 S.Ct. at 1400, "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." To comply with *Jyles*, appellate counsel must review not only the procedural history of the case and the evidence presented at trial, but must also provide "a detailed and reviewable assessment for both the defendant and the appellate court of whether the appeal is worth pursuing in the first place." *Jyles*, 704 So.2d at 242 (quoting *Mouton*, 653 So.2d at 1177).

When conducting a review for compliance with *Anders*, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. *State v. Dyke*, 2017-1303 (La. App. 1st Cir. 2/27/18), 244

So.3d 3, 6, <u>writ denied</u>, 2018-0622 (La. 2/18/19), 266 So.3d 285. Herein, the appellate counsel has complied with all the requirements necessary to file an *Anders* brief. Specifically, the appellate counsel has detailed the procedural history, the guilty plea colloquy, and sentencing in this case. Further, the appellate counsel certifies that the defendant was served with a copy of the *Anders* brief, which requests that this court conduct an error patent review of the appellate record and that the defendant be permitted to file a pro se brief supporting his motion for appeal, if he elects to do so. The appellate counsel's motion to withdraw notes the defendant has been notified of the motion to withdraw and his right to file a pro se brief on his own behalf. Further, this court provided the defendant with notice of the pro se briefing schedule. The defendant has not filed a pro se brief in this case.

As stated, the defendant pled guilty. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. *State v. Tingle*, 2012-1928 (La. App. 1st Cir. 6/7/13), 2013 WL 2484316, at *2 (unpublished). An unqualified plea of guilty waives all non-jurisdictional defects and precludes their review by either appeal or post-conviction relief. *State v. Curry*, 2017-0793 (La. 4/20/18), 240 So.3d 909 (per curiam); *State v. Crosby*, 338 So.2d 584, 588 (La. 1976); *State v. West*, 2018-0868 (La. App. 1st Cir. 5/31/19), 277 So.3d 1213, 1216. Once a defendant is sentenced, only those guilty pleas that are constitutionally infirm may be withdrawn by appeal or on post-conviction relief. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the *Boykin* colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. See *Tingle*, 2013 WL 2484316, at *2.

At the *Boykin* hearing in this case, the trial court asked the defendant a series of questions, including inquiries as to his age, level of education, ability to read, write, and understand English, and advice given by counsel. The defendant

4

indicated that he was twenty-three years old, had a twelfth-grade education, that he was able to read, write, and understand English, and that he had been advised of his rights by counsel. The trial court informed the defendant of the presumption of innocence, of his *Boykin* rights[7] (right to trial by jury, right against compulsory self-incrimination, and right of confrontation), of his right to an appeal, and of the fact that his conviction could be used against him to enhance the penalty for any subsequent felony conviction under the habitual offender law. The defendant individually indicated that he understood those rights. The trial court informed the defendant of the charge in this case, the statutory elements of the offense, and the possible penalty to be imposed.

Further, the trial court asked the defendant if he intended to appeal any rulings or orders issued in the case, and the defendant responded negatively. Accordingly, no rulings were preserved for appeal pursuant to *Crosby*.[8] After being fully advised, the defendant confirmed that he still wished to plead guilty. He denied that he had been made any promises or threatened. In accepting the defendant's guilty plea, the trial court reviewed the *Boykin* form signed by the defendant. The defense counsel confirmed that she read the form to the defendant and answered his questions pertaining thereto.

This court has conducted an independent review of the entire record in this matter. We recognize that our review of the plea colloquy is subject to the restraints of *State v. Collins*, 2014-1461 (La. 2/27/15), 159 So.3d 1040 (per curiam) and *State v. Guzman*, 99-1753, 99-1528 (La. 5/16/00), 769 So.2d 1158, 1162. We conclude there are no non-frivolous issues or trial court rulings that arguably support this appeal. As requested by the defendant's attorney and as routinely performed on appeal, this court has conducted a review for patent error under La.

---

[7] *Boykin*, 395 U.S. at 243, 89 S.Ct. at 1712.

[8] *Crosby*, 338 So.2d at 588.

5

Code Crim. P. art. 920(2). Based on our review, we note the following.

Initially, we note that the record does not indicate that the defendant was rearraigned after the bill of information was amended to remove the codefendant's name. However, as the defendant did not object to not being rearraigned on the amended bill prior to pleading guilty, any right to rearraignment was waived. *State v. Narcisse*, 2001-49 (La. App. 5th Cir. 6/27/01), 791 So.2d 149, 152, writ denied, 2001-2231 (La. 6/14/02), 817 So.2d 1152; see also La. Code Crim. P. art. 555; *State v. Richardson*, 2006-0972 (La. App. 1st Cir. 12/28/06), 2006 WL 3813702, at *1 n.1. Moreover, rearraignment after amendment of the bill of information is not required where the substance of the charge against the defendant has not been changed. The purpose of an arraignment is to notify a defendant of the charge against him. See La. Code Crim. P. art. 551(A). Where amendment of the indictment or bill of information is designed to cure deficiencies in the charging instrument and not to alter the nature of the crime, a defendant is not entitled to be rearraigned on the amended indictment or bill of information. *State v. Bluain*, 315 So.2d 749, 752 (La. 1975); *State v. Rodriguez*, 476 So.2d 503, 509-10 (La. App. 1st Cir. 1985); *State v. Tillery*, 2014-429 (La. App. 5th Cir. 12/16/14), 167 So.3d 15, 28, writ denied, 2015-0106 (La. 11/6/15), 180 So.3d 306. Accordingly, no corrective action is necessary.

We further note that the minutes state that the trial court restricted the defendant's parole eligibility in violation of La. R.S. 14:110(B)(4), which does not provide a restriction on parole. See *State v. Bruins*, 407 So.2d 685, 687 (La. 1981) (the conditions imposed on the habitual offender sentence are those called for in the reference statute). However, the sentencing transcript, the trial court's written reasons for sentence, and commitment order reveal that the defendant was sentenced to ten years imprisonment at hard labor without the benefit of probation or suspension of sentence, with no parole restriction. Where there is a discrepancy

6

between the minute entry and the transcript, the transcript prevails. See *State v. Lynch*, 441 So.2d 732, 734 (La. 1983); *State v. Martin*, 2017-1100 (La. App. 1st Cir. 2/27/18), 243 So.3d 56, 59 n.2, writ denied, 2018-0568 (La. 3/6/19), 266 So.3d 901. Accordingly, the trial court did not impose a restriction on parole in this case.

Finally, we note that the imposed sentence is illegally lenient, as the ten-year term is less than the mandatory minimum sentence of twenty years under La. R.S. 15:529.1(A)(4)(a). This court has authority under La. Code Crim. P. art. 882 to correct an illegally lenient sentence despite the failure of either party to raise the issue in the trial court or on appeal. Nonetheless, we also recognize that Article 882 is permissive. In this case, the trial court noted that it was deviating from the mandatory minimum sentence under *State v. Dorthey*, 623 So.2d 1276 (La. 1993). *Dorthey* provides that a judge may impose a sentence below the statutory minimum if he finds that the minimum term makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounts to nothing more than "the purposeless imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime." *Dorthey*, 623 So.2d at 1280. Herein, the trial court gave extensive and specific reasons under *Dorthey* for deviating from the mandatory minimum sentence. Further, as any error in deviating from the statutory minimum is favorable to the defendant, is not inherently prejudicial, and has not been raised by the State either in the trial court or on appeal, we are not required to take any action and decline to correct any error. *State v. Oliver*, 2020-0190 (La. App. 1st Cir. 2/24/21), 321 So.3d 1033, 1038; *State v. Price*, 2005-2514 (La. App. 1st Cir. 12/28/06), 952 So.2d 112, 123-25 (en banc), writ denied, 2007-0130 (La. 2/22/08), 976 So.2d 1277.

Thus, after a thorough review of the record pursuant to La. Code Crim. P. art. 920(2), we do not find any reversible errors. Accordingly, the defendant's conviction and sentence are affirmed. Appellate counsel's motion to withdraw,

7

which has been held in abeyance pending the disposition in this matter, is hereby granted.

**CONVICTION AND SENTENCE AFFIRMED; MOTION TO WITHDRAW GRANTED.**