419 So.2d 458 (1982)
STATE of Louisiana
v.
Sammy HUFFMAN.
No. 81-KA-2612.
Supreme Court of Louisiana.
September 7, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellee.
Keith Whipple, Vanessa L. Guidry, Whipple & Boquet, Houma, for defendant-appellant.
LEMMON, Justice.[*]
This is an appeal from a conviction on four counts of possession of controlled dangerous substances. The principal issue is the validity of the search warrant which *459 was the basis for the search of defendant's apartment and the seizure of the drugs.[1]
On February 26, 1979, a confidential informant (revealed at trial to be Thomas Colomb) met with two state troopers in Lafayette and reported that defendant had told him earlier the same day that he (defendant) had morphine and other drugs for sale. On instructions from the troopers, Colomb placed a phone call to defendant to arrange for a purchase of narcotics.
Colomb and the troopers later traveled in two cars from Lafayette to Houma, where defendant lived. In Houma, Colomb telephoned defendant for directions to his apartment, and defendant sent someone to meet Colomb, who followed defendant's messenger to the apartment.
While they were in defendant's apartment, defendant showed Colomb a large quantity of preludin and amphetamines and told Colomb that morphine and tuinal would be available for purchase later that evening. Colomb returned to defendant's apartment at 8:45 p. m., but the narcotics had not yet arrived. Approximately an hour later, Colomb returned to defendant's apartment for a third time, and he and defendant negotiated a price of $2,200 for the purchase of the morphine and tuinal. As Colomb left the apartment to retrieve the purchase money from his car, he flashed a prearranged signal to three policemen who were conducting a surveillance of the apartment. Defendant, who had followed Colomb out of the apartment, recognized the police, ran back into his apartment, and attempted to slam the door. The policemen followed defendant and immediately executed a search warrant, which had been issued at 9:20 p. m. They recovered a bottle of tuinal, some morphine tablets, a bottle of preludin, two bottles of amphetamine tablets and a pistol.
Defendant argues that the trial court erred in refusing to suppress the drugs seized in the search pursuant to the warrant. Specifically, he contends that the affidavit contained no reference to criminal activity, noting that preludin and amphetamine were legally obtainable with a prescription and that nothing in the affidavit suggested the drugs were possessed illegally without a prescription. Compare Cerna v. Rhodes, 341 So.2d 1157 (La.App. 1st Cir. 1976), cert. denied, 343 So.2d 1067.
The affidavit contained the following assertions:
"On February 26, 1979 at 2:00 p. m. agents of the Louisiana State Police and the Terrebonne Parish Sheriff's Office set up a surveillance of the above described apartment. While working this surveillance agents observed several subjects entering and leaving this apartment. One of these subjects was a confidential Informant. This Confidential Informant has been used by the Louisiana State Police in the past and on his information agents have arrested and convicted narcotics distributors, and seized contraband narcotics. Said Confidential Informant advised affiant that while in this apartment he (the C. I.) observed two white males known as J. C. and Harry, and a unknown white female in the apt. Informant also advised affiant that while in said apartment he (C. I.) observed being kept or stored there in the apartment a quantity of Preludin tablets, and amphetamine capsules known on the streets as Black Mollies.
"Also while working this surveillance agents observed a white male subject leave said apartment and walk to the front of the apartment complex, and there meet another white male. Agent observed the subject from the apartment sell to the other subject a quantity of what appeared to be marijuana." (Misspellings in original text corrected.)
A search warrant may issue only upon probable cause established to the satisfaction of a judge by the affidavit of a credible person. La.Const.Art. I, § 5 (1974); C.Cr.P. Art. 162. Probable cause exists when the facts and circumstances, of *460 which the affiant has personal knowledge or reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Wells, 253 La. 925, 221 So.2d 50 (1969). Furthermore, the facts establishing probable cause for a search warrant must be contained within the four corners of the affidavit. State v. Paciera, 290 So.2d 681 (La.1974).
The affidavit in the present case states that a reliable confidential informant, while in defendant's apartment, personally observed defendant in the possession of a quantity of preludin and amphetamine tablets. Although there is no indication in the affidavit that the confidential informant saw a particularly large quantity of drugs or that the drugs were contained in nonlabeled bottles (facts which would indicate illegal possession), the informant stated that the drugs were being "stored" in the apartment and referred to the drugs in street terms indicative of illegal possession. Additionally, the affidavit states that the surveillance agents observed several individuals coming and going from the apartment and at one point witnessed a sale in front of the apartment of a substance which appeared to be marijuana.
A search warrant should be tested and interpreted by courts in a common sense and realistic manner, without technical requirements of elaborate specificity. The resolution of doubtful or marginal cases should be determined by according preference to warrants, so as to encourage police officers to submit evidence to a judicial officer before acting.[2]United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965). The facts in the affidavit in the present case, reviewed in a common sense and nontechnical manner, give rise to a reasonable belief that defendant's apartment was being used as a place for the distribution or possession of various controlled substances. The trial judge correctly ruled that the warrant had been properly issued.
The conviction and sentence are affirmed.
NOTES
[*] Judges Charles R. Ward, William H. Byrnes and David R. M. Williams of the Court of Appeal, Fourth Circuit, participated in this decision as Associate Justices pro tempore, with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] Defendant's other contentions lack any arguable merit and are treated in an unpublished appendix, which is attached to this opinion and is part of the official record in this case.
[2] This is particularly true in situations, such as the present one, in which officers had available information which clearly established probable cause, but which was not included in the affidavit, obviously because of the haste with which the affidavit was prepared.

Further, the officers in this case were faced with exigent circumstances (apparently not contrived or intentionally induced) when the defendant unexpectedly discovered their presence. Even if the search warrant affidavit was totally deficient, the immediate entry to search for destructible contraband arguably would have been justified based on the existence of probable cause and exigent circumstances. See Warden v. Heyden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967) and State v. Abadie, 390 So.2d 517 (La.1980). However, in view of our conclusion regarding the sufficiency of the affidavit, we need not reach this issue.