LOTTINGER, Judge.
Defendant, Richard Waterloo, was charged by a bill of information with the manufacture of Methamphetamine in violation of La.R.S. 40:967 A. The defendant originally pled not guilty, but subsequently changed his plea to one of guilty. The defendant was sentenced to two years supervised probation. He was additionally ordered to pay $1,000.00 to the Judicial Expense Fund, work two days of community service, and enroll in a substance abuse program for treatment together with mandatory periodic urinalysis.
Defendant reserved his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the trial court’s denial of motions to suppress and reserving his right to with *563 draw the guilty plea if successful on appeal.
In July 1981, a pest exterminator entered the defendant’s apartment to spray for insects. Upon entering the exterminator noticed an assortment of chemicals and laboratory equipment. The exterminator informed the apartment complex manager of what he saw within defendant’s apartment. The apartment manager then viewed the apartment herself. Believing this to be somewhat suspicious, the apartment manager informed the security guard, Sgt. Maranto, who is also a sheriff’s deputy, of what she and the exterminator observed in the apartment.
Based upon the above information, a report from the Drug Enforcement Administration that a person named Waterloo from Texas had been supplying chemicals to covert laboratories in Louisiana, and information that the defendant had moved from Houston, Texas, Sgt. Maranto secured a search warrant. The Warrant was issued for “essential chemicals and/or precursors to several controlled dangerous substances, Methamphetamine, LSD, Mescaline, DMT or Amphetamine Sulfate.”
Police officers and several crime lab technicians executed the warrant. While the technicians were testing the various chemicals, police officers went to defendant’s place of employment and arrested him.
The police and defendant returned to the apartment where the technicians were still testing the chemicals. Because the search proved time consuming the defendant was promised leniency if he would assist the officers in identifying the various chemicals. The defendant admitted producing Methamphetamine and directed officers to a quantity of the drug located in a kitchen drawer.
ASSIGNMENT OF ERROR NO. 1
The defendant contends the trial court erred in denying his motion to suppress the evidence seized in defendant’s apartment. Defendant argues that the search warrant was unlawful because it authorized the seizure of items which were not contraband under Louisiana law, the items to be seized were not particularly described in the warrant, and the affiant failed to allege sufficient facts for the judge to reasonably conclude there was probable cause to believe the defendant had committed any wrong doing.
Defendant asserts in his first assignment that a warrant may not issue in this case because the essential chemicals and precursors to controlled substances are not prohibited under La.R.S. 40:964. Therefore, defendant argues that a lawful search warrant may only list as the items to be seized the controlled dangerous substance itself,
La.Code Crim.P. art. 161 authorizes the issuance of a search warrant for anything within the territorial jurisdiction of the court which is intended for or has been used as a means of committing an offense, or which may tend to prove the commission of an offense.
We find that La.Code Crim.P. art. 161 authorizes a magistrate to issue a warrant to search for and seize such items as those seized in the case at bar.
Secondly, the defendant argues that the warrant failed to particularly describe the things to be seized as mandated by La.Code Crim.P. art. 162 which states that the search warrant shall “... particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.”
Defendant asserts that the language in the warrant was too vague and subject to abuse by law enforcement officers, i.e., naming sodium solutions and alcohols as essential chemicals and precursors.
Search warrants should be tested by common sense and realistic interpretation without elaborate specificity. State v. Watson, 423 So.2d 1130 (La.1982); State v. Huffman, 419 So.2d 458 (La.1982). The desired result encourages police officers to submit their evidence to judicial officers before acting. State v. Huffman, supra. *564 The Courts also realize that they are normally drafted by non lawyers in the midst and haste of a criminal investigation. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).
The language used in the warrant was the most reasonable that could be used without naming every possible essential chemical or precursor to every controlled dangerous substance. This argument is without merit.
Thirdly, defendant asserts the warrant was unlawful because the affidavit failed to allege enough facts for the judge to reasonably conclude there was probable cause to search defendant’s apartment.
In State v. Huffman, supra, the Supreme Court reasoned that probable cause sufficient to support a search warrant exists when facts and circumstances, of which the affiant has personal knowledge or reasonably trustworthy information, are sufficient to support reasonable belief that the offense has been committed and that evidence or contraband may be found at the place to be searched.
The affiant, Sgt. Maranto, stated as to what he had been told by the apartment manager concerning the various chemicals and equipment. The affidavit also stated that the Drug Enforcement Administration revealed that a suspect named Waterloo from Texas had been delivering chemicals to clandestine laboratories in Louisiana. The affidavit also states that Waterloo had moved to Louisiana from Houston, Texas.
The proper test for the probable cause requirement is a common sense and realistic interpretation without requiring elaborate specificity. United States v. Ventresca, supra; State v. Huffman, supra. A reviewing court should accord great deference to the magistrate when determining probable cause. State v. Ogden, 391 So.2d 434 (La.1980).
We conclude that the trial judge could determine that sufficient probable cause existed to issue the search warrant.
ASSIGNMENT OF ERROR NO. 2
The defendant argues that the trial judge erred in denying defendant’s motion to suppress evidence seized as the result of a tainted confession. Specifically, the defendant claims that he made a confession after one of the police officers made him a promise of leniency if he confessed to producing Methamphetamine.
The trial judge ruled that the confession was given after a promise of leniency, and therefore was not voluntary, nor admissible at trial. However, the trial judge did allow the evidence seized after the confession was given because the state had shown that the evidence would have been inevitably seized pursuant to the valid search warrant. The judge ruled to allow the evidence because testimony of Ms. Fi-nalet of the State Police crime lab established they had a lawful right to be there; they were searching the apartment room by room; and they found the Methamphetamine in a kitchen drawer.
In Wong Sun v. United States, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441 (1963) the United States Supreme Court stated: “We need not hold that all evidence is ‘fruit of the poisonous tree’ simply because it would not have come to light but for the illegal actions of the police. Rather, the more apt question in such a case is ‘whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploration of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.’ ”
We find that the evidence seized was sufficiently purged of the tainted confession. The defendant’s action of leading police to the Methamphetamine merely helped to facilitate the police search for the drug.
ASSIGNMENT OF ERROR NO. 3
In this assignment of error the defendant contends the trial judge erred by allowing the state to elicit the testimony of Don Cox and Candice Berry during a hearing to suppress the warrant. Specifically, defend *565 ant argues that such testimony was not available to the judge who issued the warrant, and it should not be considered by the court when passing on the validity of the warrant.
The issue in the trial court was the sufficiency of the affidavit presented to the magistrate. When issuing a search warrant a magistrate is limited to the information contained in the four corners of the affidavit. However, on review the inquiry is not so limited. State v. Klar, 400 So.2d 610 (La.1981). The trial court has great latitude in determining the relevancy of evidence, and absent a clear abuse of that discretion the trial court should not be overturned. State v. Albert, 430 So.2d 1279 (La.App. 1st Cir.1983).
Defense counsel sought to question the reliability and veracity of Sgt. Mar-anto’s affidavit, therefore, the trial judge was correct in hearing testimony concerning the truth of statements in the affidavit.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4
In this assignment of error defendant argues that the trial judge erred by allowing an expert witness to answer a hypothetical question posed by the state. Specifically, on cross-examination of Dr. Richard Gandour, the state asked the question as follows:
Hypothetically, you leave this courtroom and walk next door. And in this room next door, there’s a series of multiple setups of chemicals, there’s all kinds of chemicals. There’s bunsen burners working. There’s gas on. Everything’s set there to produce something. Without having but a short period of time to just glance — now, it’s not a legal or it’s not a normal place that you find a laboratory— what would be the first thoughts entering your mind?
Defendant objected to the hypothetical question on the grounds that the expert witness was qualified as an expert in organic and bio-organic chemistry, and was not qualified as an expert in clandestine laboratories nor had the knowledge to answer such a hypothetical.
An opinion of an expert witness not within his personal knowledge may be elicited by a hypothetical question which is in proper form and assumes facts which the evidence proves or tends to prove. State v. Cass, 356 So.2d 936 (La.1977).
We find that the hypothetical question was in proper form. The facts only assumed that there were chemicals and equipment set up in defendant's apartment, and that defendant was producing something.
We find no abuse of the trial judge’s discretion in allowing the expert witness to answer the hypothetical.
This assignment of error is without merit. The conviction and sentence are affirmed.
AFFIRMED.