472 So.2d 286 (1985)
STATE of Louisiana
v.
Mark E. SHANNON.
No. KA 85 0068.
Court of Appeal of Louisiana, First Circuit.
June 25, 1985.
*288 Allen J. Myles, Asst. Dist. Atty., for State.
Jack M. Dampf, J. Michael McDonald, Baton Rouge, for defendant.
Before COLE, CARTER and LANIER, JJ.
COLE, Judge.
The issue presented is whether evidence seized pursuant to a search warrant should have been suppressed as being illegally and unconstitutionally obtained. We find the search warrant to be invalid, but by applying the "good faith" exception to the exclusionary rule, recently established in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), hold the evidence seized to be admissible and, therefore, the denial of the motion to suppress to be correct.
Mark E. Shannon, defendant, was originally charged by two separate bills of information with possession of controlled dangerous substances, diethylpropion and flurazepam. Defendant pled not guilty and filed a motion to suppress the contraband seized as a result of the execution of a search warrant. The motion to suppress was denied following a hearing. This court declined to grant defendant's writ applications noting he had an adequate remedy on appeal in the event of conviction. Thereafter, defendant and the district attorney entered into a plea bargain which was ultimately accepted by the trial court.
A new bill of information was then filed charging defendant with the theft of a heat pump and surgical equipment belonging to River West Medical Center and valued at more than one hundred dollars but less than five hundred dollars in violation of La.R.S. 14:67. These items were seized during the execution of the instant search warrant and were also denied suppression.
The defendant entered a Crosby plea on the theft charge. In accordance with the plea bargain, the trial court sentenced defendant to a term of imprisonment at hard labor for two years. Execution of the sentence was suspended. The defendant was placed on supervised probation for a period of two years. The state then entered a nolle prosequi as to the two original bills of information.
Defendant brings this appeal urging three assignments of error relative to the denial of his motion to suppress:
1. The trial court erred by failing to suppress the evidence seized because the warrant's facial description is too general and overbroad violating the United States Constitution, Amendment 4, and Article I, section 5 of the Louisiana Constitution of 1974.
2. The trial court erred by not suppressing the warrant since the officer admitted the affidavit was not factually correct and the informant did not mention River West Hospital or surgical equipment.
3. The evidence should be suppressed because no return was made on the warrant and no inventory made of the evidence seized or where it was located.

*289 FACTS
During early September of 1983, officers from the Iberville Parish sheriff's department began investigating the theft of various items from Plaquemine hospital facilities. Detective John Blanchard received information from a confidential informant who reported he had observed items believed stolen from the hospital facilities in defendant's home. An affidavit was prepared and a search warrant was obtained. The search warrant was executed on the day of issuance; items belonging to River West Medical Center and Rhodes J. Spedale General Hospital were recovered. Included among those items were the heat pump and the surgical equipment which formed the basis of defendant's theft charge.

ASSIGNMENT OF ERROR NUMBER ONE
Defendant contends the search warrant was facially invalid because it did not describe the items to be seized with sufficient particularity.
General warrants, of course, are prohibited by the Fourth Amendment of the United States Constitution. "[T]he problem [posed by the general warrant] is not that of intrusion per se, but of a general, exploratory rummaging in a person's belongings.... [The Fourth Amendment addresses the problem] by requiring a `particular description' of the things to be seized." Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). This requirement "makes general searches ... impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken nothing is left to the discretion of the officer executing the warrant." Andresen v. Maryland, 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976).
Louisiana mandates the search warrant should particularly describe the place to be searched and the persons or things to be seized. La. Const. art. I, section 5 (1974); La.Code Crim.P. art. 162. To determine whether this particularity requirement has been satisfied the search warrant should be tested in a common sense and realistic manner without technical requirements of elaborate specificity. State v. Huffman, 419 So.2d 458 (La.1982).
Arguably, a listing of the stolen items supplied by the hospital and contained in the police report could have been annexed to the search warrant. However, the search warrant does expressly reference the affidavit. The affidavit describes the property to be seized as "items of theft from the River West Medical Center" which are "surgical equipment." This description is sufficient to establish particularity. State v. Waterloo, 447 So.2d 561 (La.App. 1st Cir.1984). The language of the warrant only requires the officers to make factual determinations, rather than discretionary findings, in deciding which items to seize. Accordingly, this assignment is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
The defendant contends the search warrant issued without probable cause because the affiant omitted several material facts from the search warrant affidavit which did not substantiate the reliability of the informant's information.
We have already found the particularity requirement to be satisfied. However, one of the purposes of this requirement is to prevent "the issuance of warrants on loose, vague, or doubtful bases of fact." Go-Bart Importing Co. v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed.2d 374 (1931). Thus, the requirement of particularity is closely tied to the requirement of probable cause. It must be probable the described items are connected with criminal activity, and they are to be found in the place to be searched. The less precise the description of the things to be seized, the more likely it will be either or both of those possibilities has not been established. 2 W. LaFave, A Treatise on the Fourth Amendment, Ch. 4, § 4.6 (1978) at pp. 96-97. Therefore, the imprecision *290 of the description entailing "items of theft from the River West Medical Center" which are "surgical equipment" must be compensated for by other circumstances establishing probable cause.
The essential facts for establishing probable cause to issue a search warrant must be contained in the affidavit. La.Code Crim.P. art. 162; State v. Daniel, 373 So.2d 149 (La.1979). In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court enunciated a "totality of circumstances" analysis to determine whether an affidavit in support of a search warrant based on hearsay established probable cause for the warrant to issue. The Louisiana courts have followed Illinois v. Gates. See, e.g., State v. Brooks, 452 So.2d 149 (La.1984); State v. Davis, 461 So.2d 1256 (La.App. 1st Cir. 1984), writ denied, 466 So.2d 1299 (La.1985). Even under the "totality of the circumstances" standard, sufficient information must be presented to the issuing magistrate to allow that official to determine probable cause. His action can not be a mere ratification of the bare conclusions of others.
In testing the sufficiency of the affidavit, the court must decide the issue without regard to the success of the after-the-fact search. State v. Ballansaw, 350 So.2d 146 (La.1977). Here the confidential informant's reliability is adequately established by the affidavit. He had given information to officers in the past which had proven to be true and reliable and had led to several arrests and convictions. As to the reliability of the information, the informant told the affiant he had been in the defendant's home recently and he had personally observed items thought to be stolen from River West Medical Center in Plaquemine, Louisiana. From the affidavit itself, the issuing magistrate might well have inferred the items viewed by the informant were surgical equipment and matched those reported as stolen from the hospital. Had this been the case, probable cause for issuance of the warrant would have been established. See, e.g., State v. Ballansaw, supra.
However, review of the record reveals the confidential informant mentioned he had only observed surgical uniforms at defendant's residence. Although the inference might be drawn he may have also viewed other hospital equipment, the affiant testified the confidential informant did not report he had seen any surgical equipment in defendant's residence. Moreover, the officer who investigated the theft complaint noted the only items reported as stolen were surgical equipment. It was also independently within the knowledge of the affiant officer defendant was employed at the hospital facility.
Defendant also makes much of the fact the affiant officer at one point stated the stolen items observed were from Rhodes J. Spedale Hospital rather than River West Medical Center. However, the record before us supports the state's position the officers viewed the two units as old and new structures of what was to be one functional medical facility.
We cannot conclude the omitted facts would not have affected the magistrate's decision regarding probable cause. In following the approach adopted by the Louisiana Supreme Court in State v. Lehnen, 403 So.2d 683 (La.1981), we must consider the affidavit as though the omitted facts were included and then evaluate the presence of probable cause in light of the added facts.
Applying this standard, we conclude the trial court erred by finding the warrant was properly issued. Mere suspicion the objects in question are connected with criminal activity will not suffice. When the added information is considered, the affidavit does not provide a substantial basis for believing the surgical uniforms observed by the informant were stolen.
This does not complete our inquiry into the admissibility of the evidence. In United States v. Leon, supra, the United States Supreme Court established a "good faith" exception to the exclusionary rule. The court held the exclusionary rule should not *291 be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in an objectively reasonable good faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid.
The Leon decision establishes an exception to the exclusionary rule judically created as a deterrent to police violations of the Fourth Amendment of the United States Constitution. Article 1, § 5 of the Louisiana Constitution is not a duplicate of the Fourth Amendment or merely coextensive with it, and may afford a higher standard of individual liberty than afforded by the jurisprudence interpreting the federal constitution. State v. Hernandez, 410 So.2d 1381 (La.1982). However, for reasons set forth by our brothers of the Second Circuit in State v. Wood, 457 So.2d 206 (La.App. 2d Cir. 1984), we adopt the Leon exception to the exclusionary rule as applicable to cases arising under Article 1, § 5 of the Louisiana Constitution.
Further, as in United States v. Leon, we apply the new exception to the exclusionary rule even though at the time of the ruling on the motion to suppress the exclusionary rule would have required suppression of the evidence needed to convict. See also State v. DiMaggio, 461 So.2d 439 (La. App. 5th Cir. 1984).
In Leon, the Supreme Court noted "[i]n some circumstances the officer will have no reasonable ground for believing that the warrant was properly issued." (p. 3421.) The Court enumerated four instances in which suppression remains an appropriate remedy: (1) if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for this reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized that the executing officers cannot reasonably presume it to be valid. Leon at 104 S.Ct. 3421, 3422. We find none of the circumstances to be existent in the present case.
It is obvious from the jurisprudence good faith on the part of the executing officer is presumed. The burden of demonstrating the necessity for suppression of evidence by establishing a lack of good faith is squarely on defendant. The defendant has not shown a substantial and deliberate violation of his Fourth Amendment rights in this instance. Accordingly, under the Leon exception the evidence seized by the executing officers would be admissible. The denial of defendant's motion to suppress is correct.[1]
CONVICTION AND SENTENCE ARE AFFIRMED.
NOTES
[1] We note assignment of error number three is without merit. By means of that assignment, defendant contends the evidence seized must be suppressed because the arresting officers acted improperly in not giving a receipt for the property seized, in violation of La.Code Crim.P. art. 166. The lack of such a receipt does not provide a basis for the supression of evidence seized. La. Code Crim.P. art. 166 provides no time limit within which the peace officer must provide a receipt, and it does not provide any constitutional protections. State v. Square, 257 La. 743, 244 So.2d 200 (1971), modified in part on other grounds, 408 U.S. 938, 92 S.Ct. 2871, 33 L.Ed.2d 760 (1972); State v. Wise, 434 So.2d 1308 (La.App. 3d Cir.), writ denied, 437 So.2d 869 (La.1983).