633 So.2d 1338 (1994)
STATE of Louisiana
v.
William McCUTCHEON.
No. 93 KA 0488.
Court of Appeal of Louisiana, First Circuit.
March 11, 1994.
*1340 Dist. Atty's Office, Livingston, for State-appellee.
Public Defender's Office, Livingston, for defendant-appellant.
Before LOTTINGER, C.J., and CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
William McCutcheon was indicted with aggravated kidnapping, a violation of La.R.S. 14:44. He pled not guilty and not guilty by reason of insanity and, after trial by jury, was convicted as charged. The trial court sentenced him to serve a term of life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence. Defendant has appealed, urging five assignments of error.

FACTS
On November 28, 1990, the victim was abducted while she was on her way to work. At about 3:00 a.m., the victim was traveling on Linder Road in Livingston Parish when she heard a siren. Knowing that she had not been speeding, the victim was concerned. When the other car pulled in front of her and stopped, the victim also stopped her vehicle. The man who was driving the other car, later identified as being defendant, brandished a gun and ordered the victim out of her vehicle. When she refused, the man broke the window to the victim's car, asked about her purse and money, and forced her out of her vehicle. He then handcuffed her hands behind her back and made her get into the passenger side of his car. After he retrieved her purse, he got into the car with his pants unzipped and forced her to perform oral sex on him while he held a gun.
The man then drove the victim to East Baton Rouge Parish. During the trip, the victim was down and unable to see where they were going. When she saw a knife pointed at her, she convinced the man to move it. She also pleaded with the man not to kill her because of her children and grandchildren. Defendant promised her that, if she would do as he said, he would take her either to work or back to her car. When the man finally stopped the car, he made the victim get out of the car, pull down her pants, and lean over the car, as he inserted his penis from behind into her vagina. With the victim crying, the man removed his penis from the victim's vagina, masturbated himself, got into his car, and drove off, taking the victim's purse and leaving her standing there.
The victim was not familiar with her surroundings. She walked to the first house she saw and contacted the authorities. When the police arrived, she gave them a description of her attacker and of his vehicle. In particular, she was able to describe a unusual type of console found in the man's car.
Detective Hollis Haley, with the Livingston Parish Sheriff's Office, investigated the kidnapping. Early in the morning on December 17, a woman who had been traveling on Linder Road reported that someone had attempted to stop her. The description of the vehicle provided by this woman was similar to the description given by the victim of the instant case. After the woman's complaint, two deputies stopped defendant on a side street off Linder Road. When Haley arrived at defendant's car, he observed a Raven pistol in plain view on the floorboard and a knife on the backseat. At the scene of the stop, the victim of the instant case identified the interior of the vehicle as being that of the car in which she had been transported. Haley then arrested defendant and secured a search warrant to search defendant's residence and vehicle. During the search, another knife and gun were found in defendant's *1341 car. Additionally, numerous items belonging to the victim were found in a drawer and under a nightstand in defendant's bedroom.
Haley testified that he did not do a physical lineup after defendant's arrest because the victim had told him she would not be able to identify her assailant. He also did not recall showing defendant to the victim after the arrest. However, the victim testified that she was shown defendant sometime in mid-December. At that time she was not able to identify defendant as being her assailant. At the trial, she identified defendant as being the man who kidnapped and raped her. She also identified items seized from defendant's residence as being her property; and she identified the knife (S-1) which had been seized in plain view from the backseat of defendant's car as being the knife held on her during the trip. Further, she identified a picture of a peculiar handmade console contained in defendant's car as being like the one she saw in the car in which she was abducted.

ALLOTMENT OF CASE
In assignment of error number one, defendant claims the allotment of his case improperly allowed the district attorney to select the judge who would preside over the trial. Defendant relies on State v. Simpson, 551 So.2d 1303, 1304 (La.1989) (on rehearing; per curiam), wherein the Louisiana Supreme Court held that a criminal case allotment system, which allows the state to choose the judge who presides over a criminal case, violates due process.
In the instant case, before the jury was selected, the prosecutor explained that the case originally was allotted to Division "A" and assigned for trial August 10. Because the judge presiding over that division had a conflict with the trial date, the judge moved the trial to July. When one of the state's witnesses (traveling from Canada) had a conflict with the date in July, the state asked the judge to maintain the original trial date. The judge granted the state's request, and the case was transferred to another section of court. The prosecutor explained that the original judge moved the case to another section of court, rather than delaying the trial for a later date, because defendant had filed a motion for speedy trial.
In response to these comments by the state, defendant argued he had been denied the right to a speedy trial. He did not object to the allotment of the case. Thus, defendant did not preserve the issue for appeal. See La.C.Cr.P. art. 841; State v. Wisinger, 618 So.2d 923, 933 (La.App. 1st Cir.), writ denied, 625 So.2d 1063 (1993). Accordingly, he is barred procedurally from advancing this assignment of error on appeal. Furthermore, the record does not establish that the state selected the section of court which presided over the trial. The only information in the record concerning the reallotment of the case is the statement made by the prosecutor before jury selection. According to these comments, the original trial judge moved the case to another section, not the state.
The assignment of error is meritless.

SUFFICIENCY OF SEARCH WARRANT
In assignment of error number two, defendant argues the evidence seized from his residence and car pursuant to a search warrant should have been suppressed because the warrant did not "particularly" describe the items to be seized.
In the motion to suppress, defendant sought the suppression of all evidence on the ground it was unconstitutionally seized. Neither in the written motion nor in arguments before the trial court at the suppression hearing did defendant urge the grounds he now advances in his appellate brief as a basis for suppression of evidence. Thus, he has forfeited the right to appeal the court's denial of his motion to suppress on this ground.[1] *1342 See La.C.Cr.P. art. 703; State v. Wright, 441 So.2d 1301, 1303 (La.App. 1st Cir.1983).
Even if defendant had properly preserved this issue, there would be no merit to his claims. Search warrants should particularly describe the person or place to be searched and the persons or things to be seized. U.S. Const. amend. IV; La. Const. art. I, § 5; La.C.Cr.P. art. 162. To determine if this particularity requirement has been satisfied, the search warrant should be tested in a common sense and realistic manner without technical requirements of elaborate specificity. State v. Shannon, 472 So.2d 286, 289 (La.App. 1st Cir.), writ denied, 476 So.2d 349 (1985). A defendant who seeks the suppression of evidence seized pursuant to a warrant has the burden to prove the grounds of his motion. See La.C.Cr.P. art. 703(D); State v. Harris, 444 So.2d 257, 260 (La.App. 1st Cir.1983), writ denied, 445 So.2d 1234 (1984).
In the instant case, before securing the search warrant, the deputies had found the victim's purse but items were missing. They then secured warrants to search defendant's residence and vehicle. The warrant for the search of the residence described the property to be seized as follows: "Any handcuffs, guns, knives [and] any evidence pertaining to the crime and items belonging to [the victim] that was [sic] taken from her during an act of crime in which she was abducted from Livingston Parish, Louisiana and taken to East Baton Rouge Parish, Louisiana." (Exhibit D-1) Similar language was used in the warrant for the search of defendant's vehicle.
During the search of the residence, deputies seized two groups of items belonging to the victim which were introduced at the trial. Under the nightstand in defendant's bedroom, the deputies found a plastic bag (S-15) which contained several documents listing the victim's name (such as an outdated driver's license, insurance records, and bills), loose photographs, and sales slips. An envelope (S-16) containing the victim's driver's license, telephone calling cards, and other documents containing her name was found in a drawer in the bedroom. During the search of defendant's car, the deputies seized a knife (S-2) and a Titan pistol (part of S-3). The pistol was found under the seat. At the scene of the stop, deputies had seized a knife (S-1) found in plain view on the backseat and a Raven pistol (part of S-3) found in plain view on the floorboard. All of the weapons were introduced at the trial.[2]
Arguably, a listing of the missing contents of the victim's purse could have been included in the search warrant. However, the description "items belonging to [the victim] that was [sic] taken from her during an act of crime" is sufficient to establish particularity in this case. In deciding which items to seize, the officers were required to make factual determinations concerning whether or not the items belonged to the victim, rather than discretionary findings. See, Shannon, 472 So.2d at 289. Although the warrant did not give a description of the knives or guns, this deficiency does not result in the suppression of the weapons seized in this case. The weapons seized from defendant's car were relevant to show his access to guns and knives during the offense. The victim testified that he threatened her with both a knife and a gun during the offense. It was dark during the offense, and she was not able to provide a specific description of the weapons. None of the weapons were seized from his house. Under these circumstances, the warrant described the items to be seized with sufficient particularity.
The assignment of error lacks merit.

INTRODUCTION OF GUNS AND KNIVES
In assignment of error number three, defendant asserts the court erred when it admitted the guns and one of the knives because the victim was not able to identify *1343 these weapons as being those used during the offense. Defendant concludes the weapons were irrelevant and that their admission resulted in undue prejudice.
During the trial, the state introduced two knives and two guns. Detective Haley seized one of the knives (S-1) and the Raven pistol after he observed them in plain view in defendant's vehicle at the time of the arrest. The other knife (S-2) and the Titan pistol were seized during the search conducted pursuant to the warrant. The victim testified that defendant held a gun on her when he ordered her out of her vehicle and that he pointed a knife at her during the trip. She identified one of the knives (S-1) as being the knife defendant used. She testified that the gun defendant held was a "hand pistol" or "small pistol" but she was not able to identify either of the guns seized from defendant's vehicle as being the one held on her during the offense.
Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." La.C.Ev. art. 401. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. La.C.Ev. art. 403. In questions of relevancy, much discretion is vested in the trial court. Such rulings will not be disturbed on appeal in the absence of a showing of manifest abuse of discretion. State v. Trosclair, 584 So.2d 270, 275 (La.App. 1st Cir.), writ denied, 585 So.2d 575 (1991).
Defendant's ready access to two guns in his vehicle less than three weeks after the offense tended slightly to increase the likelihood of his guilt and corroborated the victim's testimony that defendant used a gun during the offense. Although the victim was not able to identify either of the two guns as being the pistol defendant used, the issue of the identification of the gun goes to the weight of the evidence rather than to admissibility of the guns. The connexity is a factual matter for consideration by the jury. See, State v. Robertson, 421 So.2d 843, 845 (La. 1982); State v. Stevens, 522 So.2d 1218, 1222 (La.App. 4th Cir.), writ denied, 524 So.2d 517 (1988). While it is apparent from the victim's testimony that only one of the guns could possibly have been the gun used, admission of both guns was not unduly prejudicial in this case.
According to the victim's testimony, defendant used only one knife during the offense. The victim identified S-1 as being the knife used. Thus, the other knife (S-2) definitely was not used in the offense, and the court erred in overruling defendant's objection. Nevertheless, the error which resulted from the improper admission of this knife was harmless beyond a reasonable doubt and did not affect any substantial rights of the accused. See La.C.Ev. art. 103(A). See also, Chapman v. California, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).
The assignment of error is without merit.

INTRODUCTION OF TAPED TELEPHONE MESSAGES
In assignment of error number four, defendant asserts that tape recordings of messages left on the victim's answering machine should not have been admitted because there was no evidence defendant was the person speaking on the tapes. (S-17 & S-18).
For the following reasons, we refuse to consider the substantive merits of this assignment. Defendant's two sentence argument on this issue in his brief merely restates the assignment of error. No argument is made and no authorities are cited. Restatement of an assignment of error in brief is nothing more than a listing of the assignment and certainly does not constitute briefing of the assignment. State v. Schaub, 563 So.2d 974, 974-75 & n. 2 (La.App. 1st Cir.1990); State v. Frelix, 484 So.2d 936, 938 (La.App. 1st Cir.1986). Therefore, this assignment is deemed abandoned. See, Uniform RulesCourts of Appeal, Rule 2-12.4.
Additionally, although defendant objected to introduction of the tape recordings "for reasons articulated earlier at the Bench," he did not make the reasons for his objection part of the record. To preserve *1344 the right to appeal an erroneous trial court ruling which admits evidence, the objecting party must make a timely objection and state the specific ground of objection. La.C.Ev. art. 103(A)(1). See also, La.C.Cr.P. art. 841; State v. Sosa, 328 So.2d 889, 892 (La.1976). The reasons for the objection must be sufficiently brought to the attention of the trial court to allow it the opportunity to make the proper ruling and prevent or cure any error. State v. Daughtery, 563 So.2d 1171, 1178 (La.App. 1st Cir.), writ denied, 569 So.2d 980 (1990). A defendant is limited on appeal to the grounds for the objection articulated at trial. State v. West, 419 So.2d 868, 876 (La. 1982). An assignment of error reserved to a trial court ruling where no basis for the objection has been stated presents nothing for an appellate court's review. Sosa, 328 So.2d at 892. Only that which is in the record may be reviewed by an appellate court on appeal. See State v. Robertson, 518 So.2d 579, 585 (La.App. 1st Cir.1987), writ denied, 523 So.2d 227 (1988). Thus, defendant's objection, without the statement on the record of any reasons in support of the objection, did not preserve this issue for appeal.
The assignment of error is without merit.

DENIAL OF MOTION FOR MISTRIAL
In assignment of error number five, defendant argues the court erred when it denied his motion for mistrial which was filed at the start of the second day of trial. In filing the motion, defendant argued a mistrial should be granted because members of the jury pool were exposed to other crimes evidence when they observed the docket posted in the lobby on the previous day. Defendant introduced a copy of the docket.[3] On the second page of the docket, information concerning a charge of aggravated oral sexual battery is listed below the charge for the instant case; and, on the fourth page of the docket, the charge against defendant for contraband in jail is listed. After hearing the arguments of counsel, the trial court denied defendant's motion, noting that the issue should have been raised during voir dire.
For the following reasons we refuse to consider the merits of this assignment. As in the previous assignment, defendant's brief on this issue merely restates the assignment of error. Thus, the assignment is deemed abandoned.
Furthermore, defendant's objection was untimely. Counsel indicated he saw "at least one member of the jury pool" looking at the docket and turning the pages of the docket the prior day. By waiting until the next day, after the selection of the jury was completed, defendant failed to comply with the requirements of La.C.Cr.P. art. 841, which requires that the objection be made "at the time of occurrence." Moreover, defendant did not request an evidentiary hearing to give him the opportunity to present testimony to support his claim that he saw a prospective juror view the docket. Nor is there any indication this prospective juror was selected to serve on the jury. Arguments of counsel are not evidence. See State v. Wimberly, 618 So.2d 908, 914 (La.App. 1st Cir.), writ denied, 624 So.2d 1229 (1993). As noted in connection with the previous assignment, only that which is in the record may be reviewed on appeal. Accordingly, defendant is barred procedurally from having this assignment reviewed.
The assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] At trial, defendant made a motion for mistrial, one of the grounds being was that the search warrant was defective because it did not specifically state the items to be seized. The trial court denied the motion for mistrial, stating that it felt the search warrant was properly issued and that this attack should have been made at an earlier date. Even if defendant's argument with reference to his motion for mistrial could be construed as an additional argument or ground in support of his motion to suppress, the trial court acted within its discretion in refusing to consider this argument. See, La.C.Cr.P. art. 703 C.
[2] Other items belonging to the victim (purse, wallet, checkbook, photograph booklet, and miscellaneous purse items) also were introduced. (State Exhibits 10-14) These items were not seized during the execution of the search warrant but were found by a jogger in a ditch on the side of Linder Road.
[3] As previously noted, defendant also argued as a basis for mistrial that the search warrants were defective due to a lack of particularity.