liSCHOTT, Chief Judge.
On the application of the State of Louisiana we grant certiorari in order to consider the validity of a judgment of the trial court *533 granting a motion to suppress evidence. The five defendants are all charged with one count of possession of more than 28 but less than 200 grams of cocaine. In response to the motion to suppress evidence filed by Clarence Williams, Sr., the trial court found that there was an error in the search warrant which caused it to be invalid on its face. We reverse.
The blank warrant form has a space for the insertion of a description of the property to be seized. No description of any property appears. Instead, the space contains a detailed description of the premises to be searched, to wit, a shopping mall containing a restaurant and pool hall. Nowhere in the warrant was there a description of the items to be seized. However, the accompanying application does set forth the items to be seized, a fact conceded by defense counsel. The State argues that the search warrant contains a simple typographical error made in good faith and that suppression of the evidence is not appropriate under State v. Brown, 627 So.2d 727 (La.App. 4th Cir.1993). | ¿However, in that case there was no error in the search warrant. Rather, there was an unintentional mistake in the affidavit which cast doubt on the existence of probable cause for the search. In contrast, the trial court in the instant case was confronted with a warrant which was totally deficient on its face because it did not contain any description of the property to be seized. As the Louisiana Supreme Court noted in State v. Hughes, 433 So.2d 88 (La.1983):
General warrants, of course, are prohibited by the fourth amendment. “[T]he problem [posed by the general warrant] is not that of intrusion per se, but of a general, exploratory rummaging in a person’s belongings .... [The Fourth Amendment addresses the problem] by requiring a ‘particular description’ of the things to be seized.” Coolidge v. New Hampshire, 403, U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). This requirement “makes general searches-Impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant.” [Citations omitted.]
In State v. Shannon, 472 So.2d 286 (La. App. 1st Cir.1985), writ denied 476 So.2d 349 the defendant was under investigation for the theft of items from a hospital. A warrant was prepared for a search of the defendant’s residence. The warrant apparently failed to state what property was to be seized. On review, the court noted that the search warrant expressly referenced the affidavit. The affidavit described the property to be seized as “items of theft from the River West Medical Center” which are “surgical equipment.” Shannon, at 289. The court found that this description was sufficient to satisfy the particularity requirement of the Fourth Amendment, La. Const. Art. I, § 5 and La.C.Cr.P. art. 162 which provides, in pertinent part, that “[a] search warrant shall particularly describe the person or place to be searched, the persons or things to be seized, and the lawful purpose or reason for the search or seizure.”
In the instant ease, the search warrant form includes a specific reference to the warrant application providing more details as to the premises to be searched. lgWhile this reference is not to the property to be seized, a reference to the application is present as it was in Shannon. The warrant application describes the property to be seized in detail as “[a]U contraband, controlled dangerous substances, more particularly Crack Cocaine and Powder Cocaine, along with any concomitant physical evidence, either substantive or trace, associated with its use, possession, packaging and/or distribution.” Consistent with Shannon, we conclude that the trial court erred when it granted the motion to suppress the evidence.
Accordingly, the judgment of the trial court is reversed, the motion to suppress is denied, and the case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.