960 So.2d 170 (2007)
STATE of Louisiana
v.
Roderick D. JACKSON.
No. 2006 KA 1904.
Court of Appeal of Louisiana, First Circuit.
March 23, 2007.
Walter P. Reed, District Attorney, Covington, Kathryn W. Landry, Special Appeals Counsel, Baton Rouge, Counsel for Appellee State of Louisiana.
Mary E. Roper, Baton Rouge, Counsel for Defendant/Appellant Roderick D. Jackson.
*171 Before: PARRO, GUIDRY, and McCLENDON, JJ.
McCLENDON, J.
Defendant, Roderick Jackson, was charged by bill of information with being a convicted felon in possession of a firearm, a violation of LSA-R.S. 14:95.1 (Count 1), and possession of more than 400 grams of cocaine, a violation of LSA-R.S. 40:967(F)(1)(c) (Count 2). Defendant entered a plea of not guilty and was tried before a jury. The jury determined defendant was guilty as charged on both counts. The trial court sentenced defendant to fifteen years at hard labor without benefit of probation, parole, or suspension of sentence on Count 1,[1] and to twenty years at hard labor without benefit of probation, parole, or suspension of sentence on Count 2, with these sentences to run concurrently.
The state instituted habitual offender felony proceedings against defendant. Following a hearing, the trial court adjudicated defendant as a fourth felony habitual offender. After vacating the previously imposed sentence on Count 2, the trial court sentenced defendant to life in prison without benefit of probation, parole, or suspension of sentence on Count 2.
Defendant appeals. Following our review of his appeal, we affirm his convictions, habitual offender adjudication, and sentences.

FACTS
On June 2, 2005, Detective Steve Gaudet of the St. Tammany Parish Sheriffs Office was cleaning out his personal storage unit at Liberty Storage located at 70521 Highway 21 in Covington. Detective Gaudet, who was a twenty-eight year veteran narcotics officer with the New Orleans Police Department prior to joining the St. Tammany Parish Sheriffs Office, noticed a black male drive up to unit 132 in a white vehicle with tinted windows. The man, later identified as defendant, got out of his vehicle and appeared to be speaking on a cell phone while looking around. Once the unit door was opened, defendant backed his vehicle all the way into the unit. Defendant stayed in the unit briefly and then left. Detective Gaudet reported these observations to the narcotics division of the St. Tammany Parish Sheriff's Office.
Upon receiving this information, Detective Allen Schulknes obtained information from Liberty Storage regarding who was renting that particular storage unit. Detective Schulknes learned that the unit was registered to a black female and the rent was timely paid in cash by this black female or a black male. Detective Schulknes then obtained permission from the manager of the storage facility to bring a drug detection dog onto the property in order for the dog to determine if there was a scent of narcotics associated with unit 132. The dog's handler, Detective James McIntosh, brought the dog, Susie, to the facility. Detective McIntosh made two passes in front of the unit with the canine and each time the dog alerted to the lock at the bottom of the door on unit 132. Based on this information, Detective Schulknes obtained a search warrant for unit 132.
Prior to executing the search warrant, Detective Schulknes set up a surveillance of unit 132. After a short period of time, defendant arrived at the unit and opened it. The police identified themselves and *172 approached defendant to inform him they were executing the search warrant.
Detective McIntosh brought the canine into the storage unit. According to Detective McIntosh, once he got two to three feet inside the unit, he could personally detect the odor of cocaine. The canine alerted to the presence of narcotics at a box fifteen to eighteen feet inside the unit. The box contained thirty-two ounces of cocaine. A firearm (.357 Magnum) was also discovered in the unit.
Following his arrest, defendant told the officers that he could assist them in additional arrests. While in police custody, defendant waived his rights and provided a videotaped confession.

MOTION TO SUPPRESS
In his first assignment of error, defendant argues the trial court erred in denying his motion to suppress the evidence and the confession. Defendant specifically argues that the information used to obtain the search warrant in this case did not rise to the level of probable cause. Defendant further argues that his statements following his arrest should have been suppressed as fruit of the poisonous tree.
A defendant who seeks suppression of evidence seized pursuant to a warrant has the burden of proving the grounds of his motion. The Louisiana C.Cr.P. art. 703(D); State v. McCutcheon, 93-0488 (La. App. 1 Cir. 3/11/94), 633 So.2d 1338, 1342, writ denied, 94-0834 (La.6/17/94), 638 So.2d 1093.
LSA-C.Cr.P. art. 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
Detective Schulknes testified that his affidavit supporting his request for a search warrant contained the information reported from Detective Gaudet regarding the suspicious activity observed at the storage unit, the information the police had learned indicating the rent on the unit was always timely paid in cash by a black male or female, and that the canine had given two alerts to the odor of illegal narcotics at unit 132.
Defendant argues that the police officers presented misleading information to the judge who signed the warrant. At trial, Detective McIntosh testified that a canine would alert for the presence of narcotics, even if narcotics were no longer present in the area. Detective McIntosh also admitted that many times they were unable to locate any narcotics after searching the area of a canine alert. Defendant believes that not advising the judge who signed the warrant of such facts equates to a fraud upon the court.
We disagree. It has been recognized that a canine alert in a public place or area is not a "search" within the meaning of the Fourth Amendment. United States v. Place, 462 U.S. 696, 707, 103 S.Ct. 2637, 2645, 77 L.Ed.2d 110 (1983); see also State v. Gant, 93-2895, pp. 1-2 (La.5/20/94), 637 So.2d 396, 397(per curiam). Moreover, a canine alert has been held to be sufficient to establish probable cause to obtain a search warrant. See State v. $107,156 U.S. Currency Seized from Marlin Morton and Richard Woods, 41,090, p. 7 (La.App. 2 Cir. 6/30/06), 935 So.2d 827, 832, writ denied, 2006-2271 (La.11/22/06), 942 So.2d 557; State v. Addison, 94-2431, p. 5 (La. App. 4 Cir. 11/30/95), 665 So.2d 1224, 1227.
The showing of probable cause sufficient for issuance of a search warrant requires much less evidence than proof *173 beyond a reasonable doubt; magistrates and courts must test and interpret affidavits in support of search warrants in a common sense and realistic fashion. See State v. Profit, XXXX-XXXX, p. 5 (La.1/29/01), 778 So.2d 1127, 1130 (per curiam). The trial court's ruling on a motion to suppress evidence is entitled to great weight, because the trial court is in a position to observe the witnesses and weigh the credibility of their testimony. See State v. Jones, XXXX-XXXX, p. 4 (La. App. 1 Cir. 11/8/02), 835 So.2d 703, 706, writ denied, 2002-2989 (La.4/21/03), 841 So.2d 791.
In the present case, we cannot say the trial court erred in denying defendant's motion to suppress evidence. Following the testimony that the presence of narcotics did not always follow an alert, the officer added that follow-up investigations revealed narcotics had previously been in the location of the alert. From our review, we do not find that the general possibility of canine error rendered the alert in this case invalid as a basis for probable cause to issue the search warrant. The affidavit here contained sufficient information to establish probable cause for the search warrant.
Citing the doctrine known as "the fruit of the poisonous tree," defendant further contends that the trial court erred in denying his motion to suppress statements he made to the police. Missouri v. Seibert, 542 U.S. 600, 612 n. 4, 124 S.Ct. 2601, 2610 n. 4, 159 L.Ed.2d 643 (2004). Because we have found that the search warrant was properly issued, defendant's statements cannot be excluded by the doctrine. Moreover, the state submitted evidence that defendant's statements were freely and voluntarily given and that defendant signed a waiver of rights form before giving his videotaped statement. Under these circumstances, we cannot say the trial court erred in denying defendant's motion to suppress his statements.
This assignment of error is without merit.

JURY INSTRUCTIONS
In his second assignment of error, defendant argues that the trial court erred in reading the instructions to the jury. The defendant complains that the court incorrectly indicated that defendant was charged with possession of cocaine with intent to distribute, when defendant was actually charged with possession of cocaine.
The bill of information reflects defendant was charged with being a convicted felon in possession of a firearm (Count 1) and possession of cocaine by knowingly and intentionally possessing four hundred grams or more of cocaine (Count 2). When the trial court began reading the charges to the jury, it stated with regard to Count 2 that "defendant is charged with possession of cocaine with the intent to distribute." Subsequently, the trial court correctly stated that the defendant was charged with "possession of four hundred grams or more of cocaine" and then properly instructed the jury on the law pertaining to that crime.
Despite the initial error, the record indicates that defendant failed to object to the portion of the jury instructions of which he now complains. Under LSA-C.Cr.P. arts. 801(C) and 841, there had to be a contemporaneous objection to the error to preserve it as an issue for appeal. Thus, defendant's failure to object to this portion of the jury instructions waived any such claim on appeal. See State v. Parker, 98-0256 (La.5/8/98), 711 So.2d 694, 695 (per curiam).
Accordingly, this assignment of error was not properly preserved for review.
*174 CONVICTIONS, HABITUAL OFFENDER ADJUDICATION, AND SENTENCES AFFIRMED.
NOTES
[1] The sentencing provision in LSA-R.S. 14:95.1 B provides for a fine of not less than $1,000 nor more than $5,000. The trial court failed to institute any fine in this case. Based on State v. Price, 2005-2514 (La.App. 1 Cir. 12/28/04), 952 So.2d 112 (en banc), we hereby exercise our discretion and decline to correct the illegally lenient sentence on appeal.