PER CURIAM.
|T Granted. The trial court erred in granting the defendant’s motion to suppress evidence. The ruling is vacated and this case is remanded to the court for further proceedings consistent with the views expressed herein.
In issuing a warrant, the task of the magistrate “is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.” Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983). The task of a reviewing court “is simply to ensure that the magistrate had a ‘substantial basis for ... concluding]’ that probable cause existed.” Id. (quoting Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)).
|2In the present case, the warrant application did not state that the confidential informant who provided information about drug trafficking from defendant’s residence had a proven track record of past reliability, but police surveillance of the premises and observation of “a fair amount of traffic coming to the residence and leaving after staying a short period of time,” a pattern of activity “consistent with drug trafficking and could be recognized as such by officers well trained in drug trafficking,” State v. Scott, 530 So.2d 630, 633 (La.App. 4th Cir.1988), tended to confirm that the informant was a reliable source of information. See also State v. Bruno, 427 So.2d 1174, 1176-78 (La.1983); State v. Huffman, 419 So.2d 458, 460 (La.1982); State v. Jenkins, 00-0425, p. 10 (La.App. 4th Cir.5/24/00), 764 So.2d 137, 142. Further, although the warrant application did not attach the photograph the informant claimed he took of the marijuana on the premises, the informant clearly intended to impress upon the police that he had come by his information in a reliable way, ie., by direct personal observation.
Given the preference for searches conducted under the authority of a warrant, “marginal cases should be resolved in favor of a finding that the issuing magistrate’s judgment was reasonable.” State v. Rodrigue, 437 So.2d 830, 833 (La.1983) (citing United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 *395 L.Ed.2d 684 (1965)). Thus, as a general rule, “an officer cannot be expected to question the magistrate’s probable-cause determination or his judgment that the form of the warrant is technically sufficient.” United States v. Leon, 468 U.S. 897, 921, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677 (1984). Although sparse, the warrant application in the present case is not so marginal that “a reasonably well trained officer would have known that the search was illegal despite the magistrate’s ^authorization.” Id., 468 U.S. at 922, n. 23, 104 S.Ct. at 3420. The trial court therefore erred in granting the motion to suppress.
RULING VACATED; CASE REMANDED